# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA FOUQUETTE,<br><br>       Plaintiff,<br><br>       v.<br><br>CITY OF FRESNO, et al.,<br><br>       Defendants. | Case No. 1:19-cv-01399-NONE-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND VACATING MARCH 25, 2020 HEARING<br><br>(ECF Nos. 14, 19)<br><br>THREE DAY DEADLINE |

Brenda Fouquette ("Plaintiff") filed this action pursuant to Title II of the Americans with Disabilities Act of 1990 ("ADA") on October 4, 2019. On February 14, 2020, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 14.)

Pursuant to the Local Rules of the Eastern District of California, Defendants' opposition to the motion for leave to amend was due on March 18, 2020. L.R. 230(c). Defendants did not file a timely opposition to the motion. The Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Accordingly, the previously scheduled hearing set on March 25, 2020 will be vacated and the parties will not be required to appear at that time.

## I.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend their pleading once as a matter of course at any time before a responsive pleading is served. Fed. R.

1

Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether to grant leave to amend after an answer has been filed, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002); Washington State Republican Party v. Washington State Grange, 676 F.3d 784, 797 (9th Cir. 2012). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052.

## II.

## DISCUSSION

Plaintiff seeks leave to file an amended complaint to add a request for injunctive relief. Plaintiff argues that all of the factors weigh in favor of allowing her to amend her complaint. First, Plaintiff contends the amended complaint is not offered in bad faith but seeks to include injunctive relief that parallels her claim for damages. Second, Plaintiff states she has no dilatory motives nor has there been undue delay as the lawsuit is still at the pleading stage. Third, Plaintiff argues that the defendants will not be unduly prejudiced because the request for injunctive relief is based on the same facts alleged to support damages. Finally, Plaintiff asserts that the amended complaint is not futile as the request for injunctive relief is based on both state and federal law.

Here, Plaintiff has not previously amended her complaint. Plaintiff filed a timely motion on the deadline to amend the complaint set forth in the December 18, 2019 scheduling order.

(ECF No. 12.)   There is no evidence that amendment of the complaint will prejudice the defendants or that Plaintiff was dilatory in seeking leave to amend.   Finally, amendment of the complaint is not futile as the Americans with Disabilities Act provides for injunctive relief for denial of access due to a disability.   See 42 U.S.C. § 12133.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint is GRANTED;

2. Plaintiff SHALL FILE her amended complaint within three (3) days of the date of entry of this order;

3. Defendants SHALL FILE a responsive pleading within fourteen (14) days of the docketing of the amended complaint; and

4. The hearing set for March 25, 2020 is VACATED and the parties are not required to appear on that date.

IT IS SO ORDERED.

Dated:    **March 24, 2020**

UNITED STATES MAGISTRATE JUDGE

3