UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BRENDA FOUQUETTE, | Case No. 1:19-cv-01399-NONE-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CITY OF FRESNO, et al., | (ECF Nos. 29) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Brenda Fouquette ("Plaintiff"), is proceeding *pro se* in this action alleging violations of the Americans With Disabilities Act ("ADA"), the Rehabilitation Act, and state law.  Currently before the Court is the City of Fresno and the National Railroad Passenger Corporation's ("Defendants") motion to dismiss which was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF No. 30.)

**I.**

**BACKGROUND**

Plaintiff filed the complaint in this action on October 4, 2019, alleging disability discrimination and state law claims based on injuries she sustained on April 27, 2018, at the train station in Fresno, California.  Defendant National Railroad Corporation filed an answer on October 30, 2019; and Defendant City of Fresno filed an answer of November 20, 2019.  A scheduling conference was held and the scheduling order issued on December 18, 2019.

1

On February 14, 2020, Plaintiff filed a motion to amend the complaint. The motion was granted and Plaintiff filed a first amended complaint on March 24, 2020. Defendants filed an answer on April 7, 2020.

On May 12, 2020, a motion to withdraw as counsel for Plaintiff was filed. Plaintiff was ordered to appear telephonically at the hearing set for June 17, 2020. On June 8, 2020, the hearing on the motion to withdraw was continued to June 18, 2020, and Plaintiff was again served and ordered to appear telephonically. Plaintiff did not appear at the June 18, 2020 hearing; and the motion to withdraw was granted.

On July 6, 2020, Defendants filed the instant motion to dismiss which was set for hearing before the magistrate judge. On July 13, 2020, the matter was referred by the district judge to the undersigned. On July 14, 2020, the May 13, 2020 order requiring Plaintiff to appear telephonically at the hearing, the June 8, 2020 order continuing the hearing, and the June 18, 2020 order granting the motion to withdraw were returned by the United States Postal Service ("USPS") with the notation "Forward Time Expired-Return to Sender". On July 15, 2020, all three orders were reserved on Plaintiff at the address provided on the returned mail.[1]

On July 16, 2020, an order issued vacating a settlement conference set for July 23, 2020 and was served on Plaintiff at both the address of record and the forwarding address provided by the USPS. On July 23, 2020, the minute order served on the address of record was returned.

On July 30, 2020, an order issued requiring Defendants to file proof that the motion to

---

[1] Plaintiff is advised that Rule 182(f) of the Local Rules of the Eastern District of California provides that:

> Each appearing attorney and *pro se* party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the *pro se* party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

If Plaintiff fails to file a change of address within sixty-three days of the USPS returning her mail, this will be an additional grounds for dismissal of this action.

dismiss had been served on Plaintiff. On August 3, 2020, Defendants filed proof that Plaintiff was served with the motion to dismiss on July 7, 2020.

The Court heard oral argument on July 12, 2020. Counsel Ryan Eddings appeared by video for Defendants. Plaintiff did not appear for the hearing. Having considered the moving papers, the declarations and exhibits attached thereto, and arguments presented at the July 12, 2020 hearing, as well as the Court's file, the Court issues the following findings and recommendations recommending that the motion to dismiss be granted.

## II.

## LEGAL STANDARD

Rule 41 of the Federal Rules of Civil Procedure allows a court to involuntarily dismiss an action if the plaintiff fails to prosecute the action or fails to comply with a court order. Fed. R. Civ. P. 41(b). Additionally, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); accord Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

/ / /

/ / /

3

## III.

## DISCUSSION

Defendants move to dismiss this action for lack of prosecution because 1) Plaintiff has failed to supplement her initial disclosures; 2) Plaintiff has failed to respond to discovery requests: and 3) Plaintiff failed to appear at the June 18, 2020 hearing despite being ordered to do so.

In this matter, initial disclosures were required to be exchanged on or before December 20, 2019. (Scheduling Order, 2, ECF No. 12.) Defendant contends that Plaintiff did not provide her initial disclosures. Defendant has presented evidence that while still represented by counsel, Plaintiff stated that her initial disclosures would only include medical records and bills that would be immediately provided once they were received from Plaintiff. (Decl. of Ryan L. Eddings in Support of Defs.' Mot. to Dismiss ("Eddings Decl."), ¶ 2, ECF No. 29-3.) Plaintiff finally provided initial disclosures on February 13, 2020, but they did not contain her medical records. (Id.) Defendants informed Plaintiff's counsel on March 10, 2020, that the initial disclosures were deficient because they did not contain her medical records and without such Defendants were not in a position to meaningfully participate in the settlement conference set for March 31, 2020. (Id.; Scheduling Order, ECF No. 12.) On March 12, 2020, the settlement conference was continued at the stipulation of the parties. (ECF No. 17.)

On March 5, 2020, Defendants served written discovery on Plaintiff. (Eddings Decl., ¶ 3.) Plaintiff's counsel requested an extension of time to respond because they had been unable to reach Plaintiff "for quite some time." (Id.) On May 12, 2020, Defendants reached out to Plaintiff's counsel to inquire about the discovery responses and received no response. (Id.) Plaintiff has not replied to the discovery requests. (Id.)

On May 12, 2020, Plaintiff's counsel filed a motion to withdraw as counsel due to the inability to contact Plaintiff. (ECF No. 23.) Plaintiff was ordered to appear telephonically at the hearing and did not appear. (ECF Nos. 25, 26, 28.) The motion to withdraw as counsel was granted on June 18, 2020. (ECF No. 27.) On July 14, 2020, Plaintiff's mail was returned by the USPS with the notation, "Forward Time Expired-Return to Sender". On July 15, 2020, Plaintiff

4

was re-served at the address provided by USPS with the orders requiring her appearance at the hearing on the motion to withdraw and the order granting counsel's request to withdraw. Despite being served with these orders, Plaintiff has not responded nor has she filed a change of address as required by the Local Rules of the Eastern District of California.

### A. Public's Interest in the Expeditious Resolution of Litigation and this Court's Need to Manage the Docket

Defendants argue that Plaintiff's multiple failures to supplement responses to initial disclosures and to respond at all to discovery requests and to appear at the June 18, 2020 hearing all counsel in the direction of dismissal.

The Federal Rules of Civil Procedure provide that "the public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.' " In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 (quoting Fed. R. Civ. P. 1). Based on review of the record that Defendants have created and the docket for this action, it appears that Plaintiff has stopped litigating this matter which can proceed no further without her participation. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1226; Pagtalunan, 291 F.3d at 642.

### B. Risk of Prejudice to Defendants

Defendants argue that the unnecessary delay increases the risk that witnesses memories will fail and evidence will become stale. Here, Plaintiff's failure to supplement initial disclosures and reply to discovery requests deprives Defendants of the information necessary to prepare pretrial motions or to prepare for trial at all. Since January 2020, Defendants have made multiple requests for Plaintiff to supplement her initial disclosures to no avail. Defendants contend that they are unable to prosecute this action or take any action with respect to preparing a defense due to Plaintiff's failure to comply with her discovery obligations.

The Ninth Circuit has held that the failure to produce documents as ordered is considered sufficient prejudice. In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227. Plaintiff was ordered to produce initial disclosures on or before December 20, 2019. She was

required by the discovery rules to respond to the discovery requests propounded by Defendants. Plaintiff's failure to comply with her obligations to produce initial disclosures and to respond to discovery requests hinders the ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. However, Plaintiff has not filed a response and has offered no reason for the failure to supplement her initial disclosures or to respond to the discovery requests or to appear at the June 18, 2020 hearing. The risk of prejudice to Defendants also weighs in favor of dismissal.

### C. Public Policy Favoring Disposition of Cases on the Merits

Defendants contend that Plaintiff's conduct in this litigation indicates that she has no desire to move this action toward a timely resolution on the merits and they have been left with no choice but to wait and see if she decides to continue prosecuting this action. Defendants argue that this factor also weighs in favor of dismissal of the action.

While public policy favors disposition of cases on the merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit] ha[s] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228.

Here, Plaintiff filed this action and despite her responsibility to move this action toward disposition, she has failed to comply with her obligations to produce initial disclosures and discovery responses. The delay in this action is directly due to Plaintiff's failure to prosecute this action.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This

1 action can proceed no further without Plaintiff's cooperation and compliance with her discovery
2 obligations and her compliance with court orders.  In this instance, the fourth factor does not
3 outweigh Plaintiff's failure to comply with her discovery obligations and move this case toward
4 disposition on the merits.

### D.      Consideration of Less Drastic Alternatives

Defendants argue that less drastic sanctions have proven unsuccessful and dismissal of this action is warranted.

Here, the Court ordered Plaintiff to appear for the July 18, 2020 hearing on the motion to withdraw and she failed to appear.  While the Court could attempt to issue monetary sanctions to compel Plaintiff to comply with her discovery obligations, it appears clear on this record that she has stopped litigating this action and the imposition of monetary sanctions would be futile to compel her compliance.

A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992), as amended (May 22, 1992); Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  Here, Plaintiff's counsel sought to withdraw due to his inability to contact Plaintiff since February 12, 2020.  (Decl. of Scottlynn J. Hubbard in Support of Motion to Withdraw as Attorney of Record ¶ 3, ECF No. 23-2.).  In the May 13, 2020 order requiring Plaintiff to appear at that hearing on the motion to withdraw she was "**advised that the failure to appear at the June 17, 2020 hearing in compliance with this order may result in the issuance of sanctions, up to and including dismissal of this action[.]**"  (Order Requiring Brenda Fouquette to Appear Telephonically at June 17, 2020 Hearing, ECF No. 25 (emphasis in original).)  The order continuing the hearing again advised Plaintiff that the failure to appear "**may result in the issuance of sanctions, up to and including dismissal of this action[.]**"  (Order Continuing Hearing on Motion to Withdraw as Attorney to June 18, 2020, ECF No. 26 (emphasis in original).)  Additionally, the December 18, 2019 scheduling order advised Plaintiff that "**should counsel or a party appearing *pro se* fail to comply with the directions as set forth above, an *ex parte* hearing may be held and**

7

1 **contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**" (Scheduling Order, 8, ECF No. 12 (emphasis in original).  Plaintiff also had notice by the instant motion that Defendants were seeking to have this action dismissed due to her failure to comply with her discovery obligations and failure to appear at the June 18, 2020 hearing and she has not responded.  The Court finds that Plaintiff had adequate notice that her failure to comply with discovery obligations and the failure to appear at the hearing on the motion to withdraw could result in dismissal of this action.

## IV.
## CONCLUSION AND RECOMMENDATION

Upon consideration of the above factors, the Court finds that they weigh heavily in favor of granting the motion to dismiss.  Plaintiff has failed to comply with her discovery obligations and has failed to obey a court order to appear for a hearing on the motion to withdraw filed by her counsel.  All the facts indicate that Plaintiff has stopped litigating this action and she has been provided with adequate warning that this action could be dismissed as a sanction.  The Court recommends that Defendants' motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be GRANTED; and
2. This action be DISMISSED WITH PREJUDICE for Plaintiff's failure to comply with her discovery obligations and court orders.

The Clerk of the Court is DIRECTED to serve a copy of this findings and recommendations upon Plaintiff at her address of record and at 2050 W. Ashlan Avenue, Apt. 115, Fresno, CA 93705-1826.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28

U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 12, 2020**

UNITED STATES MAGISTRATE JUDGE